\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JESSIE GARRETT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION No. 9-11-cv-134 |
| v. | § | |
| | § | |
| SHELBY MEDICAL HOLDINGS, L.L.C. | § | JUDGE RON CLARK |
| D/B/A SHELBY REGIONAL MEDICAL | § | |
| CENTER HOSPITAL, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Jessie Garrett filed suit against her employer Defendant Shelby Medical Holdings, LLC ("Shelby Medical") for age discrimination under the Age Discrimination and Employment Act (ADEA) and retaliation for having complained of the discrimination. Defendant now moves to dismiss Ms. Garrett's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Docs. # 6, 17]  Because Ms. Garrett's complaint fails to state sufficient facts to state a plausible claim for relief, and she has failed to timely amend her complaint to comply with Federal Rule of Civil Procedure 8(a), the court GRANTS Defendant's motion to dismiss.

## BACKGROUND

Plaintiff Jessie Garrett is a 69 year woman who worked as a radiology technician for Defendant Shelby Medical since 1989.  On or about March 11, 2011, Defendant terminated Ms. Garrett from her position because they claimed she could not use the equipment.  Ms. Garrett contends that at some point during her employment, Defendant complained to her that she was

"too slow", "forgetful", and "not comprehending well". [Doc. # 1 ¶ 15]. Ms. Garrett contends that at some undisclosed time she complained of age discrimination to some unnamed person at Shelby Medical. *Id.* ¶ 1. On August 19, 2011, Ms. Garrett filed suit against her employer Defendant for age discrimination under the Age Discrimination and Employment Act (ADEA) and retaliation for having complained of the discrimination under Title VII.

## STANDARD OF REVIEW

Defendant moves for dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." When ruling on a Rule 12(b)(6) motion, the court may consider only the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

Once a claim has been adequately stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969 (2007); *see also Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (quoting *Twombly*). As the Supreme Court recently explained,

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

**DISCUSSION**

**1. Age Discrimination**

Under the ADEA, it is unlawful for an employer to discharge a person because of her age. 29 U.S.C. § 623(a)(1). To establish a disparate treatment claim under the ADEA, a plaintiff must prove that age was the "but for" cause of the employer's adverse decision. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176, 129 S. Ct. 2343, 2350 (2009). Although a plaintiff is not required to plead a prima facie age discrimination case in order to survive a motion to dismiss, the complaint must contain sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct charged. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12, 112 S. Ct. 992 (2002). That is, that the defendant took the adverse employment action because of the plaintiff's age.

The only facts alleged in the complaint to support Ms. Garrett's claim of age discrimination are comments allegedly made by the Defendant stating that Ms. Garrett was "too slow", "forgetful", and "not comprehending well". The Fifth Circuit has repeatedly held that "stray remarks" do not demonstrate age discrimination. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996). In order for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a fact finder to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee. *Id; see also Waggoner v. City of Garland,* 987 F.2d 1160, 1166 (5th Cir. 1993)(statement by a decisionmaker that an employee was an "old fart", and that a younger person could complete his work faster was a stray remark insufficient to establish age discrimination).

The statements allegedly made by Defendant that Ms. Garrett was "too slow," "forgetful", and "not comprehending well" do not suggest that age was an impermissible factor in the decision to terminate Plaintiff. Rather, such statements are indicative of an employer's opinion regarding the quality of an employee's work. The complaint also fails to provide who allegedly made these statements. Age related comments by non-decisionmakers are not material to showing employer's age discrimination. *Texas Instruments*, 100 F.3d at 1181. Accordingly, the facts pled by Ms. Garrett do not contain sufficient factual matter to survive a motion to dismiss.

### 2. Retaliation

Title VII makes it unlawful for an employer to retaliate against an employee who opposes any employment practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). To state a claim for retaliatory discharge under Title VII, a plaintiff must show that (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) a causal nexus exists between the protected activity and the adverse employment action. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001). To demonstrate causation, a plaintiff must prove that "but for" the protected activity, the adverse employment action would not have occurred. *Id.*

Ms. Garrett's complaint simply states that "[t]his is an action brought pursuant to the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 626, et seq. for age discrimination and retaliation for having complained of age discrimination."[Doc. # 1 ¶ 1]. Complaining about age discrimination is certainly a protected activity under Title VII; however, the complaint alleges no facts to support her conclusion on causation—that she was fired because she complained. While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, a

plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; 127 S. Ct. at 1964-65.

## CONCLUSION

The court specifically addressed Ms. Garrett's pleading deficiencies at the May 30, 2012 scheduling conference, directing her to file an amended complaint that complies with Rule 8(a) within ten (10) days. Ms. Garrett failed to do so. The court therefore dismisses Plaintiff's age discrimination and retaliation claims as the facts pled do not state a plausible claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **10** day of **August, 2012.**

_____
Ron Clark, United States District Judge